PERRY *v.* CONSUMERS LUMBER & SUPPLY CO.

(Division B. April 18, 1938. Suggestion of Error Overruled May 2, 1938.)

[180 So. 385. No. 33158.]

**W. T. Weir,** of Philadelphia, for appellant.

Graham & Graham, of Meridian, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The Consumers Lumber & Supply Company brought suit against R. C. Peebles and W. L. Perry on a promissory note executed by Peebles to Perry, due November 1, 1931, to which note was attached stock certificate No. 3 for five shares in the Ben Walt Hotel at Philadelphia, Miss. The note and stock certificate were indorsed and transferred to the Consumers Lumber & Supply Company by the following endorsement of transfer: "For value received I hereby transfer to Consumers Lumber & Supply Company. (Signed) W. L. Perry." The face amount of the note was $450; the rate of interest 8 per cent. per annum.

There was a plea of the general issue by Perry; and also another plea by him in which he averred that the plaintiff ought not to recover from him on the note, because the indorsement thereon was a qualified indorsement; and, further, because the plaintiff had entered into a binding agreement with the maker of the note, R. C. Peebles, to extend the time of payment without the assent or knowledge of Perry, who was secondarily liable; and that the recourse against him is not expressly reserved. There was also a plea of the general issue by R. C. Peebles; he and W. L. Perry being represented by the same attorneys.

Prior to the filing of suit the certificates of stock were sold to the son of W. L. Perry for $10; the stock having become worthless, or practically so, at the date of its sale on May 25, 1932. W. L. Perry transferred the note, as above stated, to the Consumers Lumber & Supply Company in the purchase of certain machinery from that company by him. It appears that the company had gone out of business, and was in process of liquidation, with one E. J. Gallagher as its agent in charge of the property for sale. The agent, Gallagher, had agreed with W. L. Perry on a cash price for certain machinery, and according to his testimony an agent of W. L. Perry came for the machinery with a truck, which he loaded thereon, and then delivered the note and certificate of stock in question, indorsed as above recited, to Gallagher. The latter consulted the manager of the lumber company, who, on looking up the rating of Perry, accepted the note as cash on the faith of that rating.

According to Perry it was agreed that the note would be accepted without indorsement, and that he made the transfer indorsement above mentioned with the understanding that he was transferring the title to the paper only, and not indorsing the same.

After suit was filed, the case was continued by consent of the attorneys representing the plaintiff and the defendant, at several terms of the court; the defendant Peebles making a partial payment at each term, with the understanding that he would be given further time by continuing the case until the next term of court. When the case was finally tried, at the close of the evidence plaintiff requested a peremptory instruction, and the judge stated that he would like to take the matter under advisement. Whereupon, it was agreed between the attorneys for all the parties that the judge should take it under advisement, and decide questions of law and fact. This being done, the judge, at the next term of court, rendered a judgment in favor of the plaintiff,

against both Perry and Peebles, from which judgment this appeal is prosecuted.

The appellant relies upon the case of Allen v. Smith & Brand, 160 Miss. 303, 133 So. 599, while the appellee relies upon the case of Divelbiss v. Burns et al., 161 Miss. 724, 138 So. 346. In the case of Allen v. Smith, supra, it was held that the transfer of a note and mortgage after the same was due was not a general indorsement under section 2722, Code of 1930. The indorsement in that case read as follows: "For a valuable consideration I hereby transfer the within trust deed and note to Smith and Brand. This 2—12—24. (Signed) J. H. Allen." It was held in that case that this indorsement or transfer merely transferred the title to Smith and Brand, and that Allen was not liable thereon. The opinion in that case did not refer to section 2663 of the Code, which provides: "An instrument is payable on demand: (1) Where it is expressed to be payable on demand, or at sight, or on presentation; or (2) In which no time for payment is expressed. Where an instrument is issued, accepted, or endorsed when overdue, it is as regards the person so issuing, accepting, or indorsing it, payable on demand."

We do not now decide what effect this statute would have had on the opinion had it been cited or discussed, but it seems to have the effect of making the indorser after maturity of the paper liable as an indorser, and to require of the indorsee the presentation of a past-due paper within a reasonable time for payment, and, if not paid, notice to the indorser.

In our opinion, the present case comes within the decision of Divelbiss v. Burns, supra. Perry was a party to the paper indorsed, and indorsed it before, not after, maturity. Liability is fixed on Perry, as indorser, under section 2722 of the Code, which reads as follows: "Every indorser who indorses without qualification, warrants to all subsequent holders in due course: (1)

The matters and things mentioned in subdivisions 1, 2 and 3 of the next preceding section; and (2) That the instrument is at the time of his indorsement valid and subsisting. And, in addition, he engages that on due presentment, it shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it.'' There is no plea setting up any defense of failure of notice of dishonor of the paper when it was presented; the plea presenting only the questions shown in the pleadings above mentioned.

It is further insisted here that Perry was relieved from liability by the continuance of the case without his consent, giving further time for a valuable consideration to Peebles, during which time Peebles became insolvent; that Perry had not consented to the continuance of the case. The same firm of attorneys represented both Peebles and Perry, and in the circuit court were agents of both. When the attorneys consented to the continuance their act was within the scope of their authority, and bound their respective clients. Furthermore, there is evidence in the record that Perry was informed of the continuance, and made no objection thereto.

We therefore hold that the circuit judge was correct in rendering judgment for the plaintiff, appellee here, and the judgment is affirmed.

Affirmed.